# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE SILVA AND CARLOS SANTOS, Individually and on Behalf of Class Members,<br><br>      Plaintiffs,<br><br>    v.<br><br>DFRF ENTERPRISES, LLC, DANIEL FERNANDES ROJO FILHO, A/K/A DANIEL FILHO, DANIEL SOARES FILHO, DANIEL MALAQUIN FILHO, DANIEL R. POST FILHO and other names, VELITON MARCUS PEREIRA, JAIME DE JESUS DE CAREY, GASDEN C. JESUS, DANIEL FERNANDES, MARIO A. RODRIGUEZ FERNANDES, PEDRO BENEVIDES, BRITT ANY BENEVIDES, HERBER TOP. VALDES, JAVIER RIVERA FERNDANDES, LUZIA MARIA TRINNADE, WANDERLEY M. TALMAY, EDWARD N. SILVA, ABDELBAKS BANKS, ACCEDIUM UK, LIMITED, CHARLES GEORGE NAPPER, MICHAEL ANTHONY CHRISTOPHER ARMSTRONG, ROMILDO DA CUNHO, RBS CITIZENS BANK OF MASSACHUSETTS, N.A., JP MORGAN CHASE BANK, N.A., WELLS FARGO BANK N.A., and JOHN DOES 1-75,<br><br>      Defendants. | Civil Action No.: |

## NOTICE OF REMOVAL BY DEFENDANT CITIZENS BANK, N.A.

PLEASE TAKE NOTICE THAT, for the reasons set forth below, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, and 15 U.S.C. §§ 77p(c) and 87bb(f)(2), defendant Citizens Bank, N.A. ("Citizens Bank")[1] files this Notice of Removal from the Middlesex County

---

[1] The Complaint misidentifies Citizens Bank as "RBS Citizens Bank of Massachusetts, N.A." (*e.g.*, Compl. ¶ 41), an entity which does not exist.

Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.[2]

In support of this Notice of Removal, Citizens Bank states as follows:

## BACKGROUND

1. On or about January 20, 2015, plaintiffs Jose Silva and Carlos Santos, individually and on behalf of class members ("Plaintiffs"), commenced a putative class action against defendant DFRF Enterprises, LLC ("DFRF Enterprises"), individuals allegedly associated with DFRF Enterprises, and three national banking associations, including Citizens Bank, in Middlesex Superior Court, captioned *Jose Silva and Carlos Santos v. DFRF Enterprises, LLC, et al.*, No. MICV2015-00194. True and correct copies of the Complaint (cited as "Compl. ¶ __") and the summons as to Citizens Bank (the "Summons") are attached hereto respectively as Exhibits 1 and 2.[3]

2. On February 3, 2015, Citizens Bank received a copy of the Summons and Complaint. Because Citizens Bank is filing this Notice of Removal within thirty days of its receipt of the Summons and Complaint, removal is timely. *See* 28 U.S.C. § 1446(b)(1) ("[The] notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based . . . .").

---

[2] By filing this Notice of Removal, Citizens Bank reserves all rights and waives none, including the right to challenge the Complaint on any grounds.

[3] Pursuant to Fed. F. Civ. P. 5.2(a) and Local Rule 5.3(a), Citizens Bank has redacted financial account numbers appearing on page 77 of Exhibit 1 (Ex. E to the Complaint). Plaintiffs failed to redact that information in the version of the Complaint they filed in state court, even though the redaction rules in state court are materially the same as they are in federal court. *See* Interim Guidelines for the Protection of Personal Identifying Data in Publicly Accessible Court Documents § (b)(1) (effective Sept. 1, 2009) ("[T]he filer should redact information from the document" including "financial account number[s] . . . .").

## THE ALLEGED PONZI SCHEME

3.  The Complaint alleges a Ponzi scheme perpetrated by DFRF Enterprises and others. Compl. ¶ 2. The alleged Ponzi scheme involved "the sale of securities in the form of 'memberships' in DFRF" and "promised substantial profits and a 15% annual return." *Id.* DFRF Enterprises, including one of its founders defendant Daniel Fernandes Rojo Filho ("Filho"), "tried to hook in Brazilian immigrants and minorities in Massachusetts to buy memberships . . . ." *Id.* ¶ 5. DFRF Enterprises and Filho were "aided and abetted by Accedium UK Limited ('Accedium'), which issued issue bonds for investments . . . ." *Id.*

4.  The Complaint asserts nine counts against multiple defendants.[4] *See* Compl. ¶¶ 65-144. As relevant here, Plaintiffs allege that Citizens Bank and the other named banks violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Compl. ¶¶ 103-34 (Count VIII). The RICO allegations themselves take up six pages—nearly half of all pages devoted to the nine counts asserted in the Complaint. *See id.* ¶¶ 65-144.

5.  Plaintiffs label the remaining counts against Citizens Bank as state-law claims. *See id.* ¶¶ 65-102, 135-44.[5] Despite that label, each such claim is predicated on the alleged failure to comply with "applicable federal statutes and regulations." *Id.* ¶ 46. Those "federal statutes and regulations" include:

---

[4] A putative class action, such as this action, "may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). In all events, the only other defendant to Citizens Bank's knowledge that has been served to date, JPMorgan Chase Bank, N.A., has consented to this removal. *See Lothrop v. N. Am. Air Charter, Inc.*, No. 13-10235-DPW, 2013 U.S. Dist. LEXIS 97549, at *4 (D. Mass. July 11, 2013) ("The rule of unanimity plainly 'does not require consent of defendants who have not been properly served.'" (quoting *Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011))).

[5] The remaining eight counts are labeled as follows: Chapter 93A (Count I); Negligence (Count II); Negligent Misrepresentation (Count III); Fraud (Count IV); Unjust Enrichment (Count V); Tortious Aiding and Abetting (Count VI); Count VII (Civil Conspiracy); and Chapter 110A (Count IX). Compl. ¶¶ 65-102, 135-144.

- **The Bank Secrecy Act of 1970 ("Bank Secrecy Act"), 31 U.S.C. § 5311** *et seq.* *See, e.g.*, Compl. ¶ 44 ("The defendant, RBS Citizens Bank of Massachusetts, N.A., is a 'financial Institution' under the terms of the Bank Secrecy Act, 31 U.S.C. § 5312, and it has internal controls and policies in effect to avoid aiding and abetting Ponzi/Pyramid schemes."); ¶ 48 ("The defendant, RBS Citizens Bank of Massachusetts, N.A., is also obligated by applicable federal statutes and regulations, including, without limitation, the Bank Secrecyy [sic] Act, 31 U.S.C. § 5311 et seq., the USA Patriott [sic] Act, § 326, 31 U.S.C. § 5318, and 31 C.F.R. § 1020 et seq., to implement effective procedures to prevent such Defendant from providing financial services or access to the national banking system, to entities engaged in illegal activities."); ¶ 50 ("Furthermore, the defendant, RBS Citizens Bank of Massachusetts, N.A., failed, refused or neglected to implement effective policy and procedures to prevent such defendant from providing financial services and access to the national banking system to DRFR [sic], the Defendant Founders, and the Defendant Named Inside Promoters, Agents and John Doe Inside Promoters, as required by the Bank Secrecy Act, 31 U.S.C. § 5311 et seq.; the USA Patriot Act, § 326,31 U.S.C. § 5318; and 31 C.F.R. § 1020 et seq. 31 C.F.R. § 1020 et seq.").

- **The USA PATRIOT Act of 2001 ("Patriot Act"), 31 U.S.C. § 5318** *et seq.* *See, e.g.*, Compl. ¶ 48 ("The defendant, RBS Citizens Bank of Massachusetts, N.A., is also obligated by applicable federal statutes and regulations, including, without limitation, the Bank Secrecyy [sic] Act, 31 U.S.C. § 5311 et seq., the USA Patriott [sic] Act, § 326, 31 U.S.C. § 5318, and 31 C.F.R. § 1020 et seq., to implement effective procedures to prevent such Defendant from providing financial services or access to the national banking system, to entities engaged in illegal activities."); ¶ 50 ("Furthermore, the defendant, RBS Citizens Bank of Massachusetts, N.A., failed, refused or neglected to implement effective policy and procedures to prevent such defendant from providing financial services and access to the national banking system to DRFR [sic], the Defendant Founders, and the Defendant Named Inside Promoters, Agents and John Doe Inside Promoters, as required by the Bank Secrecy Act, 31 U.S.C. § 5311 et seq.; the USA Patriot Act, § 326, 31 U.S.C. § 5318; and 31 C.F.R. § 1020 et seq. 31 C.F.R. § 1020 et seq.").

- **Numerous federal regulations**. *See, e.g.*, Compl. ¶ 45 ("The defendant, RBS Citizens Bank of Massachusetts, N.A., has an affirmative obligation to file Suspicious Activity Reports with the Financial Crimes Enforcement Network of the U.S. Department of the Treasury and other appropriate federal law enforcement agencies, pursuant to the terms of the Bank Secrecy Act and Regulations, 31 U.S.C. § 5312 and 12 CFR § 21.11."); ¶ 46 ("The defendant, RBS Citizens Bank of Massachusetts, N.A., is obligated by applicable federal statutes and regulations, including, without limitation, 31 C.F.R. § 103.121 (amended 31 C.F.R. § 1020, et seq.), to acquire information sufficient to know the true identities, nature of business activities, customer base, and product offerings of all entities to which it provides financial services or access to the national banking

4

system."); ¶ 47 ("Pursuant to this required 'know-your-customer' analysis, as required by 31 C.F.R. § 103.121 (amended 31 C.F.R. § 1020, et seq.), [t]he defendant, RBS Citizens Bank of Massachusetts, N.A., was required to collect information sufficient for it to determine whether DFRF or any of its other customers involved with DFRF posed a threat of criminal or other improper conduct."); ¶ 49 ("The defendant, RBS Citizens Bank of Massachusetts, N.A., also knowingly, or with willful ignorance, failed, refused or neglected to perform proper 'know-your-customer' analysis with respect to DFRF, the Defendant Founders and the Defendant Named Inside Promoters and Do [sic] Inside Promoters, as required by C.F.R. § 103.121 (Amended 31 C.F.R. § 1020, et seq.[)].").

## GROUNDS FOR REMOVAL

6. Removal is appropriate for three independent reasons. *First*, removal is appropriate under this Court's federal-question jurisdiction for all counts or, in the alternative, under this Court's supplemental jurisdiction for those counts labeled as state-law claims. *Second*, removal is appropriate under the Class Action Fairness Act of 2005. *Third*, removal is appropriate under the Securities Litigation Uniform Standards Act of 1998, which also requires the state-law counts to be dismissed with prejudice.

**I.   REMOVAL IS APPROPRIATE AS TO ALL COUNTS ASSERTED AGAINST CITIZENS BANK BASED ON FEDERAL-QUESTION JURISDICTION.**

**A.   The RICO Count Arises Under Federal Law.**

7. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant "may remove any civil action over which the federal district court has original jurisdiction." *Schwartz v. Cach, LLC*, No. 13-12644-FDS, 2013 U.S. Dist. LEXIS 165652, at *5 (D. Mass. Nov. 21, 2013) (denying remand where Plaintiff alleged a number of state claims as well as a violation of RICO). This Court has original

5

jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. Plaintiffs' RICO count arises under federal law, as the Complaint itself recognizes. *See* Compl. ¶ 103-34. The civil remedies provision of the RICO statute expressly confers original jurisdiction on this Court. *See* 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 of this chapter [18 U.S.C. § 1962] may sue therefor in any appropriate United States district court . . . ."). Plaintiffs' RICO count is therefore removable. *See* 28 U.S.C. § 1441(a); *see also Schwartz*, 2013 U.S. Dist. LEXIS 165652, at *5.

### B. The State-Law Counts Are Predicated On And Arise Under Federal Law.

9. Even if Plaintiffs had not pled the federal RICO count (and they did), their purported state-law counts themselves arise under federal law. Indeed, "the lack of a private federal cause of action does not preclude jurisdiction." *In re Pharm. Indus. Average Wholesale Price Litig.*, 457 F. Supp. 2d 77, 80 (D. Mass. 2006) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)). Courts look to whether the claims raise a "substantial federal issue that properly belongs in federal court," whether they are "'actually disputed' in the litigation," and whether "granting federal jurisdiction will disturb 'any congressionally approved balance of federal and state judicial responsibilities.'" *In re Pharm. Indus.*, 457 F. Supp. 2d at 80-81.

10. Here, Citizen Bank's liability under the state-law counts hinges on federal law. As discussed, the Complaint is rife with allegations of Citizens Bank's purported obligations under federal law, including the Banking Secrecy Act, *e.g.*, Compl. ¶¶ 44, 48, 50, the Patriot Act, *e.g., id.* ¶¶ 48, 50, and numerous federal regulations, *e.g., id.* ¶¶ 45-47, 49. The Complaint

6

incorporates those allegations into each of its claims against Citizens Bank and the other banks. *See id.* ¶¶ 65-102, 135-144.  Moreover, for some of the state-law claims, the Complaint takes the extra confirmatory step of expressly pleading a violation of federal law in the text of the count. *E.g.*, *id.* ¶ 80(i) (alleging that Citizen Bank's "fraudulent misrepresentations and omissions" include "failing to comply with federal . . . laws").

11.     Those allegations raise substantial federal issues that belong in a federal forum. For example, whether and to what extent these federal statutes and regulations give rise to duties owed by financial institutions, whether a private right of action even exists, whether the conduct alleged is sufficient to constitute a violation, and numerous other sensitive issues (with both civil and criminal ramifications) are some of the important federal issues that are likely to be disputed. Those disputes should be resolved by a federal court. *See In re Pharm. Indus.*, 457 F. Supp. 2d at 80-81 (noting that a "federal forum provides experience, solicitude and uniformity" on federal issues).

12.     Moreover, removal would not disturb the balance of state and federal judicial responsibilities.  Citizens Bank and the other named banks are national banking associations— "creatures of federal law, organized under the National Bank Act and supervised by a federal regulator, the Office of the Comptroller of the Currency (OCC)."  1-4 Milton R. Schroeder, THE LAW AND REGULATION OF FINANCIAL INSTITUTIONS § 4.02 (2015).  The regulation of national banking associations has been governed by federal law for the past century. *See, e.g.*, *Barnett Bank, N.A. v. Nelson*, 517 U.S. 25, 32-33 (1996); *Nationsbank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 256-58 (1995).

13.     Because Plaintiffs' state-law counts arise under federal law, they are removable. *See* 28 U.S.C. § 1441(a); *see also In re Pharm. Indus.*, 457 F. Supp. 2d at 80-81.

7

### C.  Alternatively, The State-Law Counts Are Removable Under This Court's Supplemental Jurisdiction.

14. Even if Plaintiffs' state-law claims do not arise under federal law (and they do), they are removable under this Court's supplemental jurisdiction. "A federal court exercising jurisdiction over an asserted federal-question claim must also exercise supplemental jurisdiction over asserted state-law claims that arise from the same nucleus of operative facts." *Horton v. Portsmouth Police Dep't*, No. CA 05-247 T, 2005 U.S. Dist. LEXIS 29041, at *16-17 (D.R.I. Sept. 12, 2005) (quoting *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256 (1st Cir. 1996)).

15. The supplemental-jurisdiction statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United Sates Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). The statute permits district courts to decline supplemental jurisdiction in certain enumerated circumstances, *id.* § 1367(c), none of which applies in this case.

16. Here, all counts asserted in the Complaint—state and federal—are predicated on the same Ponzi scheme perpetrated by DFRF Enterprises and others. *See* Compl. ¶¶ 65-144. As relevant to Citizens Bank and the other named banks, the Complaint does not identify any conduct that is unique to the federal RICO count. *See id.* ¶¶ 103-34. Courts routinely exercise supplemental jurisdiction over state-law claims in precisely these circumstances—that is, where a plaintiff pleads a federal RICO count along with several state-law counts predicated on the same alleged conduct. *See, e.g., Clark v. Milam*, 813 F. Supp. 431, 433-35 (S.D. W. Va. 1993) (citing *Moore v. DeBiase*, 766 F. Supp. 1311, 1319 (D.N.J. 1991)) (denying plaintiff's motion to

8

remand: "It is difficult to imagine a more appropriate case for exercise of this Court's supplemental jurisdiction."); *see also Dillow v. Polk*, No. 3:12-CV-98, 2012 U.S. Dist. LEXIS 181064, at *26 (N.D. W. Va. Dec. 21, 2012) (similar).

17. Accordingly, even if Plaintiffs' state-law claims do not arise under federal law, they are removable under § 1367. *See* 28 U.S.C. § 1441(a); *see also Clark*, 813 F. Supp. at 433.

## II. REMOVAL IS APPROPRIATE AS TO ALL COUNTS ASSERTED AGAINST CITIZENS BANK BASED ON THE CLASS ACTION FAIRNESS ACT OF 2005.

18. Independently, the Court has original jurisdiction over this entire case under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 14 (amending 28 U.S.C. § 1332(d)).  Federal courts have diversity jurisdiction over putative class actions initially filed in state court when:  (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," *id.* § 1332(d)(2); and (3) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100.  *Id.* § 1332(d)(5)(B).  These criteria are easily satisfied here.

19. First, there is diversity of citizenship for purposes of CAFA.  *See id.* § 1332(d)(2). Plaintiffs are citizens of Massachusetts, Compl. ¶¶ 1, 9, while several named defendants are citizens of other States or foreign countries, *id.* ¶¶ 11-21 (naming various defendants who are allegedly citizens of Florida and the United Kingdom).

20. Second, the alleged amount in controversy exceeds $5 million.  *See* 28 U.S.C. § 1332(d).  Plaintiffs allege more than twice that—"over $10,000,000"—on the civil action cover sheet that accompanied the Complaint.  Ex. 1.  That astronomical figure is reiterated in the Complaint, which alleges that "many millions of dollars" were paid to DFRF Enterprises in exchange for membership interests.  Compl. ¶ 56.

21.     Third, the proposed number of class members is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B). The Complaint alleges that the number class members is "in the hundreds of thousands," Compl. ¶ 54, or at least "in the thousands," *id.* ¶ 56, either of which greatly exceeds the statutory minimum.

### III.   THE STATE-LAW COUNTS ARE REMOVABLE, AND PRECLUDED, UNDER THE SECURITIES LITIGATION UNIFORM STANDARDS ACT OF 1998.

22.     In addition to all the grounds for removal discussed above, Plaintiffs' state-law claims are also removable under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77p(c) and § 78bb(f)(2). Because all claims removable under SLUSA are also subject to preclusion, Plaintiffs' state-law claims must also be dismissed with prejudice.

23.     SLUSA's removal statute provides:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c); *accord* 15 U.S.C. § 78bb(f)(2) (same).

24.     SLUSA's preclusion statute provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging--(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(c); *accord* 15 U.S.C. § 78bb(f)(1) (same).

25.     To establish removal and preclusion under SLUSA, there must be "(i) a covered class action, (ii) based on state law, (iii) alleging fraud or misrepresentation in connection with the purchase or sale of, (iv) a covered security." *Hidalgo-Vélez v. San Juan Asset Mgmt.*, 758

F.3d 98, 104 (1st Cir. 2014) (citing *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010)); *see also* 15 U.S.C. § 77p(b)-(c); 15 U.S.C. § 78bb(f)(1)-(2).

      A.     **This Case Is A Covered Class Action.**

      26.     A covered class action is "a lawsuit in which damages are sought on behalf of more than 50 people." *Handal v. State St. Bank & Trust Co.*, 941 F. Supp. 2d 167, 184 (D. Mass. 2012) (quoting *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006)); *see also* 15 U.S.C. § 77p(f)(2)(A)(i)(I); 15 U.S.C. § 78bb(f)(5)(B)(i)(I). Here, as discussed above, that criterion is amply satisfied. *See* Compl. ¶¶ 54, 56 (alleging that putative class members number "in the hundreds of thousands" or at least "in the thousands").

      B.     **The State-Law Claims Are Based On State Law And Allege Misrepresentations And Omissions In Connection With Securities.**

      27.     For this element, a Complaint must allege either "(1) an explicit claim of fraud or misrepresentation (e.g., common law fraud, negligent misrepresentations, or fraudulent inducement), or (2) other garden-variety state law claims that sound in fraud." *Marchak v. JPMorgan Chase & Co.*, No. 11-CV-5839, 2015 U.S. Dist. LEXIS 14450, at *29 (E.D.N.Y. Feb. 6, 2015).

      28.     Here, three of Plaintiffs' state-law counts are explicit claims of fraud or misrepresentation. Compl. ¶¶ 69-89, 135-144 (asserting claims for Fraud (Count IV), Negligent Misrepresentation (Count III), Chapter 110A (Count IX)). The remaining five state-law counts each contain express allegations of fraud, misrepresentations, and/or omissions. *Id.* ¶¶ 65-68, 90-134 (asserting claims for Chapter 93A (Count I), Negligence (Count II), Unjust Enrichment (Count V), Tortious Aiding and Abetting (Count VI), and Civil Conspiracy (Count VII)). Because those allegations "are a necessary component of each of Plaintiffs' state law claims," *Marchak*, 2015 U.S. Dist. LEXIS 14450, at *35, this element is satisfied.

### C. This Case Involves Covered Securities.

29. A "covered security" is generally a security listed or authorized for listing on a national stock exchange. *See* 15 U.S.C. § 77p(f)(3); 15 U.S.C. § 78bb(f)(5)(E). But, "[t]he fact that covered securities were not actually purchased or sold does not compel the conclusion that no covered securities were at issue." *Marchak*, 2015 U.S. Dist. LEXIS 14450, at *23. Indeed, "[i]t is not essential that [the fraudster] actually performed any trades or acquired any securities." *Id.*; *Barron v. Igolnikov*, No. 09 Civ. 4471, 2010 U.S. Dist. LEXIS 22267, at *13 (S.D.N.Y. Mar. 10, 2010); *see In re Herald, Primeo & Thema Sec. Litig.*, 753 F.3d 110, 113 (2d Cir. 2014) (*per curiam*) (reaffirming earlier panel decision in light of *Chadbourne & Parke LLP v. Troice*, 133 S. Ct. 978 (2013)).

30. Here, the Complaint alleges that "DRFR [sic] is a Pyramid/Ponzi scheme as defined by the U.S. Securities and Exchange Commission" ("SEC"). Compl. ¶ 8. It further alleges that "[s]aid defendants prepared and provided information on, endorsed and actively promoted the opportunity regarding the securities on websites and at DFRF events." *Id.* ¶ 141. DFRF Enterprises' own website is replete with representations about the investments it purportedly makes on behalf of its clients, including investments in covered securities:

- "We offer our own and third party investment services covering both traditional and alternative asset classes, from equities, bonds and cash to commodities, hedge funds and commercial property."

- "We focus on constructing diversified asset allocations for our clients. Their portfolios typically include a blend of direct holdings, active and passive funds, structured products and derivatives."

- "You will have access to a broad range of products to help you manage your liquidity needs. This includes a complete spectrum of cash management investment products that provide customized strategies, according to specific liquidity needs and investment parameters."

- "We assist structure and safeguard a broad range of properties and invest easily across international markets. Our goal is to enhance the genuine value of our clients' wealth across market cycles."

Ex. 3 (screenshots from http://www.dfrfenterprises.com) (last visited March 4, 2015).[6]

31.     Moreover, as Plaintiffs themselves recognize, Filho—a founder of DFRF Enterprises and a key perpetrator of the alleged Ponzi scheme (*e.g.*, Compl. ¶ 4)—previously has represented himself to investors as eligible under SEC rules to trade covered securities. Indeed, in the same Florida forfeiture proceeding that Plaintiffs reference and rely upon in their own Complaint (*id.* & Ex. A thereto), the government asserted that Filho had lured investors into the Ponzi scheme by representing that he had "Series 7, 20, 21, 22, 63, 65 and 66 securities licenses." Ex. 4 (Aff. ¶ 162); *see, e.g.*, SEC Website, http://www.sec.gov/answers/series7.htm ("Individuals who pass the Series 7 are eligible to register with all self-regulatory organizations to trade.") (last visited Mar. 4, 2015).

32.     Thus, for purposes of SLUSA, this case involves "covered securities."

**D.     The State-Law Claims Are SLUSA Precluded And Must Be Dismissed.**

33.     For the above reasons, all of Plaintiffs' state-law claims are removable under SLUSA. *See* 15 U.S.C. § 77p(c); 15 U.S.C. § 78bb(f)(2). Accordingly, those claims are SLUSA precluded and must also be dismissed with prejudice. *See Romano*, 609 F.3d at 515 ("If SLUSA applies, appellants are precluded from bringing the actions in state court and defendants are entitled to remove them to federal court, where they are subject to dismissal.").

---

[6] Courts may, and routinely do, look beyond the four corners of a complaint when considering SLUSA removal and preclusion. *See, e.g.*, *Romano*, 609 F.3d at 521 ("The District Court was entitled to look beyond the four corners of appellants' amended complaints because determining whether the cases were properly removed under SLUSA is essentially a jurisdictional question.").

## **COMPLIANCE WITH THE REMOVAL STATUTE**

34.     This action is removable to this Court pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the District of Massachusetts embraces the location where the state court action is pending, *i.e.*, Middlesex County, Massachusetts.

35.     As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

36.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Citizens Bank with respect to this action, which papers are (i) the Complaint, (ii) the Summons, (iii) a motion for appointment of special process server, (iv) a stipulation between Plaintiffs and Citizens Bank extending Citizen Bank's time to answer or otherwise respond to the Complaint, and (v) a copy of the state court docket, are attached hereto.  *See* Exhibits 1, 2, 5, 6 and 7.

37.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Middlesex Superior Court, and written notice of the filing of this Notice of Removal will be given to counsel for Plaintiffs.

38.     Pursuant to Local Rule 81.1(a), Citizens Bank will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court within 28 days after filing this Notice for Removal.

WHEREFORE, Citizens Bank hereby removes the action now pending in the Middlesex County Superior Court of the Commonwealth of Massachusetts to this Court and requests that this Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. § 1441 *et seq.*

| | |
|---|---|
| Date: March 5, 2015<br>Boston, Massachusetts | Respectfully Submitted,<br><br>CITIZENS BANK, N.A.<br><br>By its Attorneys, |
| OF COUNSEL:<br><br>Lee A. Armstrong<br>JONES DAY<br>222 E. 41st Street<br>New York, NY 10017<br>Tel: (212) 326-3939<br>Email: laarmstrong@jonesday.com | /s/ Jason C. Weida<br>Jason C. Weida (BBO# 663097)<br>JONES DAY<br>100 High Street, 22nd Floor<br>Boston, Massachusetts 02110<br>Tel: (617) 960-3939<br>Fax: (617) 449-6999<br>Email: jweida@jonesday.com |

## CERTIFICATE OF SERVICE

I, Jason C. Weida, hereby certify that, on March 5, 2015, I caused a true copy of the foregoing to be served by e-mail and first class mail, postage prepaid, upon Evans J. Carter, P.C., 860 Worcester Road, P.O. Box 812, Framingham, Massachusetts 01701.

/s/ Jason C. Weida
Jason C. Weida