# EXHIBIT 4

# MASTER AFFIDAVIT

I, Noel F Martinez Jr., being duly sworn, depose and state as follows:

1. I am a sworn Deputy Sheriff with the Osceola County Sheriff's Office and have been so employed since October 1993. Your affiant is currently assigned to the Internal Revenue Service – United States Secret Service Financial Crimes and Money Laundering Task Force and has been so since January 2004. Your affiant successfully completed the Florida Police Standards Training Program required by the State of Florida while attending the Osceola County Criminal Justice Academy. During attendance, your affiant studied police procedures, search and seizure laws, and controlled substance laws of the State of Florida. Your affiant has attended numerous training courses relating to criminal investigations that include the following: Drug Identification and Investigation, Domestic and International Money Laundering, Investigating Terrorists Financial Networks, Asset Forfeiture, and Identity Theft.

2. Since being assigned to the Internal Revenue Service and U.S. Secret Service Financial Crimes and Money Laundering Task Force as a Task Force Agent, your affiant has been responsible for the investigation of money laundering, credit card fraud, bank fraud, mortgage fraud, and wire fraud offenses. In particular, your affiant has participated in investigations involving Ponzi/Pyramid schemes. Furthermore, this assignment involves the identification and prosecution of individuals and or entities involved in specified unlawful activities, which are the investigative responsibility of the Internal Revenue Service.

3. This investigation is being conducted jointly by the USSS, the Internal Revenue Service (IRS), Immigration Customs Enforcement (ICE) and the St. Cloud (FL) IRS-USSS Financial Task Force (task force). Information obtained as a result of the investigative efforts of each agency is being shared with agents from the other agencies and has been incorporated into

1

this affidavit. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other law enforcement officers, review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein (including participants), and information gained through my training and experience and the training and experience of others. Because this affidavit is being submitted for the limited purposes of establishing probable cause, I have not included every detail of every aspect of the investigation for this affidavit.

4. This affidavit is being submitted for the limited purpose of supporting the civil forfeiture complaint against the defendant properties.

## INTRODUCTION

5. This following is an overview of the Ponzi scheme described herein:

   a. Between on or about December 2007 through March 2009, Evolution Market Group (EMG), d/b/a Finanzas Forex (FFX),[1] a Panamanian corporation, operated several websites, including www.finanzasforex.com,[2] www.finance4x.com and www.ffx4u.com. On these websites, EMG solicited individuals to invest in short-term investments yielding rates of return between 77 percent and 300 percent.

   b. EMG falsely represented on these websites that investors' funds would be invested in a European brokerage firm which specialized in the buying and selling of foreign currency, i.e., the forex market. In fact, instead of investing such funds for their investors, EMG used such funds to further promote its scheme by partially paying back early investors with new investor money, which is typical in Ponzi schemes, and further used these funds to reward

---

[1] EMG and FFX are used interchangeably throughout this affidavit.
[2] This website is still currently up and running.

a. SIIC's FNBCF Account #2506963

159. On or about September 26, 2008, Benevides opened **SIIC's FNBCF Money Market Account #2506963** at the Altamonte Springs branch. Benevides was the sole signor on the account and identified on the signature card as President of SIIC.

160. Account records reveal on the same day the account was opened, the account received a wire transfer from SIIC's NBCF Account #0002112426 for $602,269.90. This wire transfer was the only transaction that occurred in this account. Agents believe that this account was used to further conceal and disguise EMG and GPS investors' funds from investors and law enforcement because this account was not advertised to either EMG or GPS investors. Moreover, this bank was not a bank where any advertised accounts were held. On or about October 29, 2008, the funds in SIIC's NBCF Account #2506963, approximately $602,398.47,[75] were seized by the DEA in the District of Arizona.

C. **Tracing of EMG and DWB Investor Funds into Purchase of Vehicles and Funding of Rojo Filho's Family Members' Accounts**

*1. DWB's Green Power Investment Scheme*

161. Agents have obtained DWB "investment contracts" from a search executed at DWB's business location, and directly from actual investors, which indicated DWB was also operating an investment scheme through DWB's Bank of America (BOA) Account #00556520470 (DWB's BOA Account) from as early as July 2007, when the account was opened.

162. Based upon a review of the contract, it appears that DWB, through Rojo Filho, was involved in a non-internet based investment scheme involving Green Power Systems (GPS),

---

[75] The additional funds represent interest earned on the account.

71

as well as the EMG Ponzi scheme described above, which lured and solicited funds from investors with unrealistic returns on investments. The DWB GPS contract stated that investors could deposit money into DWB's BOA Account and DWB would give back huge returns on investments in an alternative power source. For example, per the agreement between DWB and investors, an initial investment of $25,000 would result in a return of $100,000 in 63 banking days. Based on these calculations, the investor would realize a 300% return on his/her investment. Additionally, Rojo Filho purported having Series 7, 20, 21, 22, 63, 65 and 66 securities licenses.[76] Although this investment is separate from the EMG internet based scheme described above, this non-internet based scheme was running simultaneously with the EMG Ponzi scheme and money from these investors and the EMG investors were being deposited into DWB's BOA Account during the same time.[77] However, as will be explained below, without the knowledge of GPS' president, Rojo Filho solicited approximately $24 million from investors to invest in GPS. Instead of giving that money to GPS' president to develop his alternative energy source, Rojo Filho used such funds to pay off personal debt and business related expenses, and to buy real estate and vehicles for Rojo Filho's personal use. While Rojo Filho promised GPS investors returns on their investments, the GPS technology was still in its developmental stages and was not yet generating any profits. Regardless, some investors were still receiving returns on their investments with GPS even though GPS' president was never given any of the $24 million to fully develop his project.

---

[76] Agents have determined that Rojo Filho holds no such licenses.
[77] Money from the non-internet based scheme was deposited into this account from July 2007 through August 2008 while money derived from the EMG Ponzi scheme was being deposited into this account from April 2008 through July 2008.

deposited or withdrawn from the account prior to its seizure.

### ii. SunTrust Bank Account #1000083744424

203. Agents reviewed bank records **SunTrust Bank Account #1000083744424 (Account #2).** On or about September 4, 2008, the account was opened at the 581 E. Highway 50, Clermont, Florida branch. Luzia Trindade was identified on the signature card as the account owner and sole signor.

204. On the same day, Account #2 received a deposit of $180,000 from PTA 3. Account #2 has remained dormant except for a withdrawal of $169,500 in the form of a cashier's check on November 5, 2008, prior to its seizure.

### iii. SunTrust Bank Account #100083744440

205. Agents reviewed bank records **SunTrust Bank Account #100083744440 (Account #3).** On or about September 4, 2008, the account was opened at the 581 E. Highway 50, Clermont, Florida branch. Sabrina Trindade Zanchet was identified on the signature card as the sole signor on the account.

206. On or about September 4, 2008, Account #3 received two deposits: (1) $288,411 from PTA 2; and (2) $50,000 from PTA 3. Account #3 has remained dormant with no additional funds deposited or withdrawn from the account prior to its seizure.

## CONCLUSION

207. Based on the information provided in this affidavit, I submit that there is probable cause to believe that EMG, and others, devised and intended to devise a scheme or artifice to defraud, or a scheme for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, and that they transmitted or caused to be transmitted by means of wire, communications in interstate or foreign commerce, (including writings, signs, signals,

pictures, or sounds) for the purpose of executing such scheme or artifice, to wit: an internet-based Ponzi scheme, in violation of 18 U.S.C. § 1343 (Wire Fraud); and in violation of 18 U.S.C. § 371 (Conspiracy to Commit Wire Fraud). EMG and others orchestrated a complex scheme whereby EMG operated numerous investment scams over the Internet. Through these investment scams, investors were promised exceptional returns on their investments. EMG utilized promoters (such as Rojo Filho and Benevides) to advertise EMG's scams on multiple websites, and advised investors to send money to the various promoters' financial accounts held by the promoter's various businesses (DWB, OIC, and SIIC). From there, most of the investment funds were not invested as advertised on the websites. Thus, there is probable cause to believe that the defendant properties constitute or are derived from proceeds traceable to a violations of 18 U.S.C. § 1343, and therefore, are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). Additionally, there is probable cause to believe that the defendant SunTrust Bank Account #1000083744432, SunTrust Bank Account #1000083744424, SunTrust Bank Account #1000083744440 (collectively "Trindade SunTrust Accounts"), Regions Bank Account #0095243542 (DWB Developers LLC's Regions Bank Account), Whitney National Bank Account #0730 660 109 (DWB's Whitney Bank Account) and the accounts more particularly described in paragraph 1(C)(9)-(16), (18)-(59) of the Amended Verified Complaint were involved in violations of 18 U.S.C. § 1956(a)(1)(B)(i), and therefore, are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A). Lastly, there is probable cause to believe that the defendant Trindade SunTrust, DWB Developers LLC Regions, DWB Whitney Bank Accounts, the accounts more particularly described in paragraph 1(C)(9), (11)-(16), (18)-(46), (48), (58)-(59), and the vehicles were involved in violations of 18 U.S.C. § 1957(a), and therefore, are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

_[signature]_
Noel F Martinez Jr.
Task Force Agent
IRS-USSS Financial Crimes Task Force

State of Florida
County of Orange

     Before me, the undersigned authority personally appeared, Task Force Agent Noel F Martinez Jr., who having produced his United States Secret Service credentials as identification and having being duly sworn, deposes and says that the foregoing Affidavit is true to the best of his knowledge, information and belief. Witness my hand and official seal in the State of Florida, County of Orange this 20th day of January, 2010.

_[signature: Tyline R Medina]_
Notary Public
Commission Expires:

_[Notary seal:]_
Tyline R. Medina
Commission # DD590194
Expires December 29, 2010
Bonded Troy Fain - Insurance, Inc. 800-385-7019